# AHMAD KESHAVARZ
## Attorney at Law

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900  
FAX: (877) 496-7809

October 31, 2017

VIA ECF

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

Re: Plaintiff's request for Local Rule 37.2 conference to compel discovery responses from Defendant Collins Asset Group, LLC.
*Pablo Molgora v. Sharinn & Lipshie, P.C.*, et al, Case No. 1:17-cv-03766-KBF

Dear Judge Netburn:

The undersigned represents Plaintiff in this Fair Debt Collection Practices Act and General Business Law case. Plaintiff respectfully requests a pre-motion conference to compel un-redacted collection notes from Defendants Sharinn & Lipshie, P.C. ("S&L") and Collins Asset Group, LLC ("CAG"). Alternatively, Plaintiff requests that the un-redacted collection notes be submitted for in camera review to determine the propriety of the redactions.

Plaintiff propounded her first set of discovery requests on August 31, 2017. **Exhibit A**. S&L submitted responsive documents on October 17, 2017, however, the documents were heavily and improperly redacted. Counsel for Plaintiff and S&L conferred about the redactions, and S&L removed some of the redactions and provided a privilege log on October 17, 2017.

Plaintiff's first set of discovery requests included a request for production of S&L's "collection notes or account notes regarding Plaintiffs [sic] or the collection of the debt." Plaintiff also requested "all documents related to Plaintiff, the putative judgment, or attempts to collect the putative judgment." Among the documents produced by S&L were screenshots of S&L's collection notes for the putative debt allegedly owed by Plaintiff to CAG. The collection notes remain heavily redacted. **Exhibit B**. A privilege log produced by S&L indicates that the collection notes are redacted on the basis of attorney-client privilege and attorney work-product. **Exhibit C.** On October 30 CAG indicated it would not instruct S&L to remove the redactions.

### The privilege log provided by S&L is deficient

1

"Collection notes," by debt collection law firms typically consist of a log of collection activities conducted on behalf of creditors. Debt collector employees (but typically not attorneys) log their actions when they send dunning letters, communicate with consumers, Marshals, or banks, or conduct other collection activities. Collection notes can contain dozens or hundreds of entries, authored by multiple individuals over a period of months or years. These contemporaneous records often contain mere recitations of facts and occurrences, not the mental impressions of attorneys, and many entries are submitted by non-attorneys. *See Mohr v. Security Credit Services, LLC*, 141 F.Supp.3d 179, 182-82 (N.D.N.Y. 2015).

S&L contends that many (but not all) of the redacted entries were entered after this federal case was commenced on May 19, 2017. However, Plaintiff is unable to independently verify this contention because S&L has inexplicitly redacted the dates from some of the redacted entries.[1] Similarly, due to the redactions, Plaintiff is unable to ascertain whether the entries were submitted by attorneys, or by non-attorney employees. This information, though not dispositive, is relevant to the issue of whether the entries contain information that is properly categorized as privileged or confidential. Moreover, since S&L does not represent CAG in this federal suit, any entries entered after the commencement of this suit cannot be redacted on the basis of attorney-client privilege.

A privilege log that contains only cursory descriptions of the withheld documents does not satisfy the heavy burden of proving that the withheld documents are indeed privileged. *See Safeco Ins. Co. of Am. v. M.E.S., Inc.*, 289 F.R.D. 41, 50 (E.D.N.Y. 2011); *U.S. v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir 1996) (affirming a District Court's adoption of a Report and Recommendation that rejected a party's privilege log as "cursory" and concluded that the withholding party had therefore failed to prove that the documents were subject to the attorney work-product privilege.) Moreover, a party's "failure to comply with the explicit requirements of Rule 46(e) [former Local Civil Rule 26.2] will be considered presumptive evidence that the claim of privilege is without factual or legal foundation." *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 166 (2d Cir. 1992) (quoting *Grossman v. Schwarz*, 125 F.R.D. 376, 386 (S.D.N.Y. 1989)).

Due to S&L's failure to include the required information in its privilege log, Plaintiff is unable to discern the dates and authors of the entries, whether the notes were drafted by attorneys, or whether the entries are likely to contain the mental impressions of an attorney. This runs directly afoul of Local Civil Rule 26.2 and Fed.R.Civ.P. 26(b)(5)(A)(ii), which provides that a privilege log must be drafted in a manner that "will enable other parties to assess the claim." Plaintiff submits that LRC has waived its right to withhold the collection notes. *See McNamee v. Clemens*, 2014 WL 1338720 (E.D.N.Y. April 2, 2014) (party waived the attorney-client and work product privileges by failing to produce an adequate privilege log); *Au New Haven, LLC,* et al. *v. YKK Corporation,* et al., 2017 WL 4838793 at *2 (S.D.N.Y. Oct. 24, 2017) ("Failure to provide the information required by Rule 26 or Local Civil Rule 26.2 may result in a waiver of privilege.")

## The collection notes are not protected by the attorney work-product doctrine

The undersigned is a seasoned FDCPA litigator with extensive experience reviewing collection notes generated by debt collection law firms, including notes generated by Defendant S&L. In my experience, most collection note entries merely describe facts—not the thoughts and

---

[1] The privilege log does not provide dates for the entries, as required under Local Civil Rule 26.2(a)(2)(A).

mental impressions of attorneys. For example, non-attorney employees regularly submit entries describing a phone call to a marshal or consumer, or documenting the receipt of documents relating to the putative debt. The notes rarely contain opinions or mental impressions of attorneys or non-attorney employees. Rather, the notes contain fact-based work-product, and are entitled to less legal protection than opinion-based work-product. *See In Re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d. Cir. 2007).

The collection notes submitted by S&L in *Mayorga v. Sharinn & Lipshie,* et al., Case No. 1:12-cv-00587-DLI-VVP (E.D.N.Y.) is a prime example of typical debt collector collection notes. Those notes contain recitations of fact—not mental impressions of an attorney or communications between attorney and client. In *Mayorga*, S&L produced the collection notes without heavy redactions, presumably because it understood that most of the information contained in the notes does not qualify for attorney-client privilege or attorney work-product protection. **Exhibit D**.

In the case at bar, the collection note entries were entered after judgment was entered in the collection case on July 15, 2008. There was no more litigation to be had. By and large, S&L was operating just like any other collection agency, and as such there is no privilege. *See Avoletta v. Danforth*, No. 3:11CV1126 WWE, 2012 WL 3113151, at *2 (D. Conn. July 31, 2012) ("[W]here the attorney acts as a . . . collection agent, . . . the communications between him and his client are not protected by the privilege.")

S&L has asserted a *bona fide error* defense to Plaintiff's FDCPA claims, apparently arguing that S&L was unaware that the judgment was vacated on October 6, 2008. Thus, it appears that S&L was unaware that the case was active when the notes were entered. The entries therefore could not have been made with an eye toward impending litigation. *In camera* review of the notes, or a proper privilege log, could reveal that the entries relate solely to attempts to collect the putative debt in the regular course of business.

Even if the notes, or a portion thereof, fall within the attorney work-product doctrine's zone of protection, Plaintiff is nonetheless entitled to the un-redacted notes because S&L has impliedly waived confidentiality by asserting a *bona fide error* defense. By asserting a defense based on its own knowledge regarding the debt collection process, S&L has put its mental thoughts and processes surrounding the collection process directly at issue. S&L now seeks to deprive Plaintiff of the opportunity to review evidence that could directly contradict S&L's defense.[2] *See Ramirez v. Palisades Collection, LLC*, 2008 WL 7506560 (N.D. Ill. Jan. 7, 2008); *Avoletta v. Danforth*, No. 3:11CV1126 WWE, 2012 WL 3113151, at *1 (D. Conn. July 31, 2012). "[A] party asserting privilege cannot be permitted, on the one hand, to argue that it acted in good faith and without an improper motive and then, on the other hand, to deny the opposing party access to the privileged materials where those materials played a substantial and significant role in formulating the actions taken by the party asserting privilege." *Pall Corporation v. CUNO Incorporated*, 268 F.R.D. 167, 169 (E.D.N.Y. 2010) (internal quotations and brackets omitted).

---

[2] The notes could also shed light on the degree of Defendants' culpability, thus justifying a punitive damages award for Plaintiff's GBL § 349 claim.

### The collection notes, or a substantial portion thereof, do not contain privileged communications between CAG and S&L

Attorney-client privilege applies only to "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007)

As explained above, collection notes generally contain entries describing specific acts that are taken by the debt collection law firm as it attempts to collect the putative debt. The notes rarely contain communications between a client and its attorney. When the notes do contain attorney-client communications, they are generally not the types of communications that can fairly be categorized as seeking or providing legal advice.

As such, Plaintiff is confident that an *in camera* review of the notes would reveal little basis for S&L's assertion of attorney-client privilege.

### CONCLUSION

Given the above, Plaintiff respectfully requests a pre-motion conference to compel un-redacted collection notes from Defendants. Alternatively, Plaintiff requests that the collection notes be submitted in un-redacted form for *in camera* review to determine the propriety of the redactions.

### CERTIFICATE OF CONFERENCE

I have attempted to resolve these matters with opposing counsel on multiple occasions via telephone and email without Court involvement but those attempts have been unsuccessful.

Respectfully submitted,

/s/

Ahmad Keshavarz

cc: Opposing counsel via ECF