# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

PHONE: (718) 522-7900
FAX: (877) 496-7809

November 20, 2017

VIA ECF
Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square, Room 430
New York, NY 10007

Re:     **Plaintiff's second request for Local Rule 37.2 conference to compel discovery responses from all Defendants**
        *Pablo Molgora v. Sharinn & Lipshie, P.C., et al*, No. 1:17-cv-03766-KBF

Dear Judge Netburn:

The undersigned represents Plaintiff in this case for violations of the Fair Debt Collections Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and N.Y. General Business Law. Plaintiff requests a pre-motion conference to compel discovery responses from Defendants Sharinn & Lipshie, P.C. and Collins Asset Group, LLC. Specifically, Plaintiff seeks an order directing Defendants to produce all documents regarding Plaintiff or the putative debt he was alleged to owe, and all contracts governing the collection of the putative debt from Plaintiff. Plaintiff also supplements his October 31, 2017 discovery letter, DE 37, which requested that S&L be compelled to produce un-redacted collection notes to Plaintiff or to the Court for *in camera* review.

### *Summary of claims*

Defendants are a debt collection law firm, Sharinn & Lipshie, P.C. (S&L"), its principle Harvey Sharinn, and a putative judgment creditor, Collins Asset Group, LLC ("CAG"). Defendants executed information subpoenas, sent a collection letter, and pulled Mr. Molgora's credit report in an attempt to collect on a judgment that Defendants knew or should have known had been long-since vacated.

### *Discussion*

### 1.   Documents regarding Plaintiff or the putative debt he was alleged to owe

Plaintiff served her first set of discovery requests on August 31, 2017. **Exhibit A**. Plaintiff's second request for production of documents requested "[a]ll documents . . . regarding Plaintiff, the putative debt, the putative judgment, or attempts to collect the putative debt or the

1

putative judgment." Defendants' responses are attached as **Exhibits B** and **C**.[1] Defendants produced document in response to this request, however, a review of the documents revealed that several documents germane to Plaintiff's claims have not been produced.

Plaintiff's First Amended Complaint, DE 36, alleges that Defendant violated the FDCPA and NY General Business Law § 349 by sending collection letters and an information subpoena in an unlawful attempt to execute on the vacated judgment. The collection notes produced by Defendant S&L revealed that S&L, on behalf of Defendant CAG, made other attempts to unlawfully execute on the vacated judgment. Redacted collection notes are attached as **Exhibit D**. Specifically, the collection notes indicate that S&L issued *four different* information subpoenas with bank restraints, all in an effort to locate Mr. Molgora's bank account and seize his funds based on the previously vacated default judgment. Moreover, the collection notes revealed that S&L submitted an unclaimed funds inquiry to the New York State Comptroller in an attempt to execute on the vacated judgment. S&L has failed to produce any documents concerning the information subpoenas with bank restraints or the unclaimed funds inquiry.

Plaintiff's First Amended Complaint also alleges that CAG improperly pulled Mr. Molgora's consumer report after CAG and S&L knew or should have known that the judgment had been vacated and the case dismissed. The collection notes produced by S&L reveal that S&L made a second unlawful request for a consumer report. S&L has not provided any documentation concerning this credit pull.

Plaintiff is unable to determine who signed the information subpoenas and bank restraints. S&L's company website claims that S&L conducts all of its business electronically. If that is the case, then S&L likely has electronic copies of the information subpoenas and other relevant documents.

Documents produced by CAG also indicate that S&L has withheld numerous other documents that are directly relevant to Plaintiff's claims. CAG's documents are attached as **Exhibit E**.[2] CAG's deposition is noticed for November 30, 2017 and it would be helpful to have the documents in advance.

Further, records produced by S&L in a pending putative class action lawsuit, *Mayorga v. First Resolution Investment Corporation et al,* 1:12-cv-00587-DLI-PK (EDNY),[3] indicate that S&L has additional relevant documents that have not been produced. Attached as **Exhibits F** and **G** are documents produced in *Mayorga*. The documents appear to have been generated by a computer program that stores consumer information. In the instant case, S&L has not produced information generated by those computer programs. Moreover, the screenshots in **Exhibit G** show that there are several tabs containing more information concerning the consumer. Plaintiff requests that S&L be directed to produce all documents from each computer program that contains information concerning Plaintiff.

For these reasons, Plaintiff respectfully requests that the Court issue a blanket order directing all Defendants to produce "all documents . . . regarding Plaintiff, the putative debt, the

---

[1] Counsel for CAG did not respond to the production requests for approximately 60 days after the requests were sent, despite repeated demands for the same. CAG raised no objections in its answers, but still has not produced all responsive documents.

[2] The CAG documents attached as Exhibit E have been highlighted by Plaintiff's counsel to demonstrate Plaintiff's basis for believing that certain responsive documents have not been produced.

[3] The undersigned represents the plaintiff in *Mayorga*.

putative judgment, or attempts to collect the putative debt or the putative judgment," including, but not limited to, the items listed above.

## 2. Contracts governing the collection of the putative debt alleged to be owed by Plaintiff

Plaintiff's first request for production of documents requests all agreements or contracts in effect from March 3, 2008 to present that govern or relate to the putative debt or the putative judgment. These documents are directly relevant to Plaintiff's claims because they could shed light on the respective obligations of the Defendants regarding the collection of the putative debt and putative judgment. For example, a common clause in these agreements disclaims the accuracy of the information in the sold accounts, which would preclude S&L from relying on the accuracy account information.

S&L objects to the request on the grounds that the term "debt" is undefined. This argument is disingenuous. The entirety of this case revolves around a putative debt alleged to be owed by Plaintiff. Counsel for Plaintiffs and Defendants have had numerous conversations concerning "the debt." Tellingly, S&L was not confused by Plaintiff's use of the term "debt" in his other discovery requests. For instance, Plaintiff's first request for production of documents requests "collection notes or account notes regarding Plaintiffs or the collection of the ***debt***." (emphasis added, internal quotations omitted). S&L was able to discern that the debt referenced in this discovery request is the same debt at issue in this FDCPA action, and S&L produced the collection notes without the need for court intervention.

Plaintiff has since clarified that the "debt" referenced in request number five is the debt at issue in this lawsuit, however, S&L continues to withhold the contracts. S&L apparently agrees that the contracts are relevant to Plaintiff's claims, as S&L has agreed not to object to a deposition notice that directs S&L to designate a corporate representative to testify regarding the contracts and agreements that govern the putative debt on December 4, 2017.

## 3. Redacted collection notes produced after October 31, 2017

On October 31, 2017, Plaintiff filed a request for a pre-motion conference to compel the production of un-redacted collection notes. DE 37. Thereafter, Defendant S&L provided six more pages of previously undisclosed collection notes. The notes were heavily redacted. For the reasons stated in Plaintiff's October 31, 2017 letter, Plaintiff requests that the newly produced collection notes be produced to Plaintiff in un-redacted form. Alternatively, Plaintiff requests that the un-redacted notes be produced to the Court for *in camera* review. There was no privilege log for the supplemental documents.

## 4. Contact information for Amanda Moreno.

Amanda Moreno was the managing attorney of S&L during the time period that forms the basis of this FDCPA action. Counsel for S&L indicates that he believes that a few weeks ago Ms. Moreno separated from the firm. However, despite repeated requests, opposing counsel will not provide the address, phone numbers, or email addresses, and Plaintiff seeks to compel the same. Plaintiff has scheduled December 5, 2017 for Ms. Moreno's deposition.

## 5. Request for concurrent depositions

The undersigned is currently representing the plaintiff in another FDCPA suit against Defendant S&L. *Hunter v. Palisades Acquisition XVI, LLC*, 16-cv-08779-ER (S.D.N.Y.). *Hunter* shares a similar fact pattern to the case at bar, and S&L is represented by the same counsel in

both cases. The undersigned is counsel for the Plaintiff in both cases, although CAMBA Legal Services is co-counsel in *Hunter*. The large majority of the questions in the depositions will be the same. In the interest of saving time and expense, Plaintiff seeks an order that the depositions in *Hunter* and *Molgora* be taken concurrently, and that the deposition transcript may be used for both. Counsel for S&L refuses to do so, needlessly increasing attorney's fees and costs. The S&L depositions are currently set for December 4 and 5.

## **CERTIFICATE OF CONFERENCE**

I have attempted to resolve these matters with opposing counsel on multiple occasions via telephone and email without Court involvement but those attempts have been unsuccessful. I have spoken with counsel for S&L on a few occasions. I have sought, on multiple occasions over the last few weeks to speak with counsel for CAG, but have been unable to reach him.

Respectfully submitted,

/s/

Ahmad Keshavarz

cc: Opposing counsel via ECF

4