# AHMAD KESHAVARZ
## *Attorney at Law*

16 COURT ST., 26TH FLOOR    WWW.NEWYORKCONSUMERATTORNEY.COM    PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026    E-mail: ahmad@NewYorkConsumerAttorney.com    FAX: (877) 496-7809

June 22, 2018

VIA ECF AND HAND-DELIVERY
Hon. Sarah Netburn
40 Foley Square, Room 430
New York, NY 10007

> Re: **Plaintiff's letter for pre-motion conference to compel discovery on volume of collections and prior complaints for collecting on vacated judgments.**
>
> ***Pablo Molgora v. Sharinn & Lipshie, P.C.,*** **et al, Case No. 1:17-cv-03766-KBF**

Dear Judge Netburn:

The undersigned represents Plaintiff Pablo Molgora in this action case against putative judgment creditor Collins Asset Group ("CAG"), its debt collection law firm Sharinn & Lipshie, P.C. ("S&L") and its named partner Harvey Sharinn for violating the Fair Debt Collections Act ("FDCPA"), N.Y. General Business Law 349 ("GBL 349"), and the Fair Credit Reporting Act ("FCRA").

## MEANINGFUL ATTORNEY REVIEW CLAIM

Plaintiff's First-Amended Complaint ("FAC", DE 36 ¶ 52-90) alleges, *inter alia*, S&L and Harvey Sharinn violated the FDCPA and GBL 349 by sending a collection letter and information subpoena and bank restraint seeking to collect on a judgment that had in fact been vacated. Plaintiff alleges this conduct is false, deceptive, and misleading in that, *inter alia*, it falsely implies an attorney engaged in a meaningful attorney review of the facts and circumstances, determined the putative debt (the judgment) is actually owed, and she may proceed with the collection attempt. *See*, e.g. *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 301 (2d Cir.2003). ("[S]ome degree of attorney involvement is required before a letter will be considered 'from an attorney' within the meaning of the FDCPA."); *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996) ("A debt collection letter on an attorney's letterhead conveys authority. The attorney letter implies that the attorney has reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action. And the letter also implies that the attorney has some personal involvement in the decision to send the letter."); and *Musah v. Houslanger & Associates, PLLC*, 962 F. Supp. 2d 636, 640–41 (S.D.N.Y. 2013) (meaningful attorney review required in judgment collections such as issuing an information subpoenas).

## PROCEDURAL HISTORY

On August 31, 2017 Plaintiff his First Request for Production of Documents. On October 2, 2017 S&L served its Answers and Objections to the production demands. *See* **Exh A ("1ˢᵗ**

**RFP Answers")**.

On February 6, 2018, the Court issued the Order [DE 52] compelling S&L to, *inter alia*, provide a corporate representative with knowledge of the volume of judgments S&L collects upon. *See* **Exh B** (**the "Order"**). The Court also ordered the corporate representative to be prepared to testify as to prior complaints of collecting on vacated judgments, and failing to provide 1692g and noted that these topics were also proper topics for document demands.

Taking a que from the Order, two days later on February 8, 2018 Plaintiff propounded demands for documents sufficient to demonstrate the volume of specific collection documents, and production of documents regarding prior complaints. (The demands were misnamed as being the 6th set of demands when they were actually the 3rd set). Later the same day, S&L filed a notice of suggestion of bankruptcy staying this action as to S&L [DE 53]. On May 15, 2018 the Court lifted the stay.

On June 13, 2018 Plaintiff took the deposition of the S&L corporate representative Scott Sharinn and on June 15, 2018 the deposition of defendant Harvey Sharinn. On June 18, 2018 S&L propounded solely objections to the "6th" Requests for Production ("6th RFP") and produced no documents, *See* **Exh. C (6th RFP Answers).**

## PRODUCTION TO COMPEL

1. **Compelling documents responsive to requests for production for volume of collections (6th RFP # 4, 9-11; 1st RFP # 17).**

Plaintiff seeks to compel production of documents sufficient to demonstrate total number of information subpoenas, bank restraints, and income executions that [S&L] issued in each year of [2014], 2015, 2016 [ ] and identify which attorney signed how many in each of the years."[1] *See* **Exh C** (6th RFP # 4). Plaintiff notes that for the 6th RFP requests, the demands were for documents in 2015, 2016, and 2017. However, Plaintiff revises those demands for all of his requests to the years 2014, 2015, and 2016. This would synchronize the demands to the range of years the Court ordered [DE 52] S&L corporate representative to be prepared to testify to as to the volume of S&L judgments it attempts to collect upon, that is, three years prior to the filing of this lawsuit.

Defendant Harvey Sharinn testified that he is the only attorney at S&L who "signs"[2] the information subpoenas and bank restraints, so there is no difficulty in determining which attorney signs those documents. Identifying the specific number of documents Harvey Sharinn signs is especially important as he is being sued in his personal capacity for failing to perform a meaningful attorney review in executing the information subpoena to Mr. Molgora's bank.

Plaintiff seeks to compel documents sufficient to demonstrate the number of collection letters S&L sent to consumer in 2014, 2015, and 2016. Of those letters, plaintiff seeks to compel

---

[1] The actual demands sought documents for the years 2015, 2016, and 2017. However, Plaintiff revises those demands to the years 2014, 2015, and 2016. This would synchronize the demands to the range of years the Court ordered [DE 52] S&L corporate representative to be prepared to testify to as to the volume of S&L judgments it attempts to collect upon, that is, three years prior to the filing of this lawsuit.
[2] In deposition it was revealed that Harvey Sharinn does not actually sign any documents; his digital signature is pre-printed on the documents. Harvey Sharon lost the use of his right hand (his writing hand) since 2002 due to a stroke.

document sufficient to demonstrate how many went out under the name or signature of an attorney, and how many went out under the firm's letterhead but without naming a specific attorney.  *See* **Exh C** (6th RFP # 9-11).[3] (Plaintiff alleges a meaningful attorney review is required for each of these letters).  This should be especially easy for Defendant Harvey Sharinn as he sends out collect letter under his name only for judgment accounts, and all go out under his typed name.

Plaintiff's 6th RFP # 9 offers to allow S&L to omit from the total number of collection letters those that contained a disclaimer that "no attorney has reviewed the facts and circumstances of your account." Collection letters with this disclaimer generally need not be meaningfully reviewed by an attorney even if sent out under attorney letterhead.  *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005). S&L uses only a handful of letter templates, so determining if any include the *Greco* disclaimer should be a simple task. However, S&L is certainly free to not include this carve out in its answers to Plaintiff's demands. The disclaimer is a defense to S&L, and if S&L wants to produce no evidence so support that defense Plaintiff has no objection.

Lastly, Plaintiff seeks to compel production of documents sufficient to identify "the number of judgment accounts [S&L] had for collections in 2016, and, of those accounts, documents sufficient to demonstrate approximately how many were judgments entered by a firm other than S&L." *See* **Exh A** (S&L's answers to 1st RFP # 17). Plaintiff further seeks to extend the time period to include 2014 and 2015, a period of time the Court ruled in the Order was relevant.

Plaintiff would like to have broken out the number of "judgments entered by a firm other than S&L" ("assigned judgments") because Plaintiff alleges S&L may have greater liability for assigned judgments. For example, whether a judgment is assigned strengthens the policy reason why each subsequent debt collector (both CAG and S&L) should have an obligation to send a notice pursuant to 1692g independent of whether such a letter was sent by a prior owner of the putative judgment or by a prior debt collection law firm. *Tocco v. Real Time Resolutions, Inc.*, 48 F. Supp. 3d 535 (S.D.N.Y. 2014) (A "subsequent collector may seek collection of a debt that has already been extinguished  making it all the more helpful for the second collector to identify the amount of the debt and the name of the creditor as required by section 1692g.")(citation omitted). Also, if S&L was collecting on a judgment that was assigned (i.e. S&L was not the firm that entered the judgment) Plaintiff would argue this increases the level of attorney review required to be "meaningful." For example, Plaintiff would argue that for an attorney review to be "meaningful" S&L should take even the most ministerial act of spending 10 seconds to check the court's website to see if the judgment was vacated prior being to being "assigned" to S&L for collection.

---

[3] 9. Documents sufficient to demonstrate the total number of letters you sent to consumers under the putative signature of an attorney in each year of 2015, 2016, 2017, and identify which attorney signed how many in each of the years. This excludes letters that include a disclaimer to the effect that no attorney with the firm has personally reviewed the particular circumstances of the consumer's account.
10. The same as item # 8, except where the letter goes out under the name of a specific attorney but that attorney does not sign the letter.
11. The same as item # 8, except that there is no attorney signature or signature line, but the letter does go out under the S&L letterhead.

3

This Court has already ruled that the type of information sought to be compelled by way of this motion – the volume of S&L's collection – is reasonable and must be disclosed in deposition. *See* **Exh B** (the Order) p. 2:

> The Plaintiff seeks testimony regarding the volume of S&L judgment collections. (Topic 9.) As the Plaintiff explains, the number of judgments is relevant to challenge the meaningful attorney review that S&L represented it conducted before acting on Plaintiff's vacated judgment. Specifically, because S&L is staffed, allegedly, by only three attorneys, a large volume of practice may undermine the care it claims to attend to each matter. S&L's only objection to testimony regarding the volume of S&L's work is to question the relevancy. For the reasons explained by the Plaintiff, this is a reasonable area of inquiry, and S&L must prepare a witness to testify to the volume of judgments S&L collected on for a period three years before the filing of Plaintiff's complaint.

If the volume of judgments S&L collects upon is a reasonable area of inquiry and is discoverable, then so is the disclosure of the volume of garnishments, information subpoenas, bank restraints, and collection letters as all require a meaningful attorney review.

In addition, granting this motion to compel would also obviate additional motion practice related to a recently completed deposition. By ordering production of documents, the Court would largely obviate the need to determine whether S&L violated the Court's that "S&L must prepare a witness to testify to the volume of judgments S&L collected." The witness was prepared to testify only as to the number of judgment accounts that S&L was able to *actually* collect money on in a given year, not the number of judgment accounts it had for collection. It is difficult to see how S&L could argue in good faith that the term the volume of judgments "S&L collected" means number of judgments which "S&L actually collected money," especially as the Court issued the order because it agreed with Plaintiff's argument that "a large volume of practice may undermine the care it claims to attend to each matter." Whether S&L "actually collected" money has no bearing as to the reason the Court stated it issued the order. Compelling 1st RFP # 17 would resolve the issue as it asks for the number of judgment accounts S&L "had for collections" would remove any argument – in good faith or otherwise – what is being compelled. And extending the period of the production to include 2014 and 2015 would comport with the Court's order as to the relevant time period.

Likewise, the argument that 6th RFP 8-11 should be compelled is strengthened because it would obviate the need to determine whether it was proper for counsel for S&L to instruct his client not to answer *whether he even knew* the answer to certain questions that counsel contended were not specifically listed in the deposition notice. The information sought by way of deposition questions was the same information sought to be compelled in RFP # 8-11 (e.g. the number of information subpoenas S&L send out each year), Consequently if the documents containing this information were compelled it would obviate the need for a later motion (after the deposition transcript becomes available) to determine whether the instructions not to answer were appropriate, and whether a continuation of the deposition would be appropriate. Plaintiff believes that regardless if the specific question was listed as a deposition topic, the list of deposition topics is a floor; additional relevant questions can be asked.[4] If the question were relevant but

---

[4] "When a deponent is produced pursuant to Fed.R.Civ.P. 30(b)(6), the scope of questioning at the deposition is not defined by the notice of deposition—instead, Fed.R.Civ.P. 26(1) defines the scope of discovery unless otherwise ordered by the court." *Employers Ins. Co. v. Nationwide Mut. Fire Ins. Co.*, 2006 WL 1120632 at *1 (E.D.N.Y.

4

not specifically listed as a topic, the proper approach would be for counsel for S&L to note the objection and let the witness answer as a 30(b)(1) witness. [5] This is a three attorney firm. Scott Sharinn, a current partner at the firm, has been working at S&L (the firm of his father Harvey Sharinn) ever since he was in law school. It is reasonable to believe he may know the information sought as to the volume of collections. However, his counsel instructed him not to answer whether he even knew the answer to the question.

2. **Compelling documents reflecting instances of executing on vacated judgments (6th RFP # 1-3)**

The Court has already ruled in the Order [DE 52] that Plaintiff may explore in deposition complaints that S&L engaged in the same misconduct that gives rise to the instant action. "S&L must prepare a witness to testify to all known complaints against it (whether written or oral; whether formal or informal) regarding S&L's efforts to enforce a vacated judgment or for failure to send the § 1692g notice for the period five years before the filing of Plaintiff's complaint." *See* **Exh B**, the Order p. 3.[6] Pointedly, the Court also stated, "This topic is also an appropriate area for document discovery." *Id*. Plaintiff promptly prompted "document discovery" for this very information. Yet, S&L has objected to producing responsive documents. **See Exh C**, 6th RFP # 1- 3). Plaintiff seeks to compel answers to these demands, specifically:

> 1. The complaints—and documents reflecting the number of complaints—against You for alleged enforcement of an invalid judgment, failure to return money acquired through enforcement of an invalid judgment [defined as "judgments that have been vacated or satisfied"], after demand, or failure to send a debt validation notice under 15 U.S.C. 1692g for an assigned debt in the three years prior to the filing of the complaint in this action. This request includes, without limitation, all lawsuits or written correspondence, including orders to show cause filed in state court, and all oral complaints to your firm.
>
> 2. Documents reflecting the number of times you have sought to collect on a vacated judgment in each of the eight years prior to the filing of the complaint in this action.
>
> 3. Documents reflecting any instance in the eight years prior to the filing of the complaint in this action where you sought to enforce a putative judgment where the judgment had in fact been vacated or satisfied.

Plaintiff agrees to limit the scope of time of the requests from a period 5 years prior to the filing of this action to present. Plaintiff also agrees to limit the requests from "invalid judgments" (which also includes satisfied judgment) to solely vacated judgments.

---

Apr.26, 2006) (*citing* Charles Alan Wright & Arthur R. Miller, 8A Federal Practice and Procedure § 2103 (2d ed. 1994 & Supp.2005)).

[5] *Lutes v. Kawasaki Motors Corp., USA*, No. 3:10CV1549 WWE, 2014 WL 657712, at *4 (D. Conn. Feb. 20, 2014) *quoting* 7 James Wm. Moore, et al., Moore's Federal Practice § 30.25[4](3d ed. 2013) ("[I]f a party has fears about the scope of questioning, instructing the witness not to answer is not a proper resolution of the matter. Rather, one court has suggested that counsel may note on the record which questions it believes are beyond the scope of the deposition notice, and that answers to [these] questions [ ] are not intended as the answers of the designating party. Then the witness should be permitted to answer to the best of his or her ability. Prior to trial, counsel may request jury instructions that such answers were merely the answers or opinions of the individual witness, not admissions of the entity.").

[6] Plaintiff needs to clarify the record on one point. The *Rathburn* case referenced in the Order was actually an instance where S&L, *inter alia*, failing to comply with a court order to return money after a judgment was vacated, not executing on a judgment that was already vacated. I apologize for the error.

## CONCLUSION AND NOTICE OF OFFICE CLOSURE

Plaintiff appreciates the Court's consideration. The undersigned notes his solo law office will be closed from June 29 – July 19, 2018. I will be out of the country on vacation. I respectfully request no hearings be set during that time and any deadlines for Plaintiff to respond to a future filing be tolled for the time my office is closed.

Respectfully submitted,
/s/
Ahmad Keshavarz
Attorney for Plaintiff

Enclosures (as stated)
cc: All counsel of record via ECF

## CERTIFICATE OF CONFERENCE

I have conferred with opposing counsel in good faith to attempt to resolve the issues raised in this letter but those attempts have failed.

Date: June 22, 2018
Brooklyn, NY
/s/
Ahmad Keshavarz